UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                  Case No. 1:07-CR-220-04

                                  HON. ROBERT HOLMES BELL

LINDELL BROWN,

        Defendant.
_____/

**O P I N I O N**

Defendant Lindell Brown has filed a motion to correct a clerical error in his judgment and commitment order. (ECF No. 135.) For the reasons that follow, his motion will be denied.

Defendant was charged in a first superseding indictment with conspiracy to distribute and possess with intent to distribute cocaine, beginning in 2001 and continuing through May 3, 2006. (ECF No. 37.) Defendant pleaded guilty to the charge and was sentenced on November 14, 2008, to 204 months of imprisonment. (Sent. Mins., ECF No. 87.) The judgment indicated that the "offense ended" date was May 3, 2006. (ECF No. 89.) On November 19, 2008, Defendant filed a motion to correct sentence pursuant to Rule 35(a), requesting credit for time served in state custody for conduct relevant to his federal conviction. (ECF No. 90.) The Court denied his motion. (ECF No. 94.) The Sixth Circuit affirmed Defendant's sentence on appeal. *United States v. Brown*, 417 F. App'x 488 (6th

Cir. 2011). On January 3, 2012, Defendant filed his second motion to correct his sentence. (ECF No. 103.) In this motion pursuant to Rule 36 Defendant requested an order correcting a clerical error in his judgment. Specifically, Defendant requested that the judgment reflect that he be given credit for time served on his state sentence. *Id.* The Court denied the motion because the Court lacked authority to grant credit for time served. (ECF No. 104.)

On February 27, 2012, this Court entered an amended judgment pursuant to the government's Rule 35(b) motion. The amended judgment, like the original judgment, reflected an "offense ended" date of May 3, 2006. (ECF No. 109.)

Defendant's current motion pursuant to Rule 36 requests that the amended judgment's reference to May 3, 2006, as the "offense ended" date be corrected to reflect that the offense ended on June 11, 2005, the date Defendant was arrested. Defendant contends that the judgment's reference to May 3, 2006, as the "offense ended" date was an oversight or omission. In support of this contention, Defendant asserts that his participation in the conspiracy was involuntarily terminated on June 11, 2005, when he was arrested. Defendant's presentence investigation report ("PSR") reflects that his involvement in the conspiracy began in 1998 and continued until his arrest in June 2005. (PSR ¶¶ 77, 82, ECF No. 131.) According to Defendant, the judgment's reference to May 3, 2006, as the "offense ended" date is precluding him from receiving "*Willis/Kayfez*" credit against his federal

2

sentence.[1]

The government does not dispute Defendant's assertion that he has been in continuous custody since his June 2005 arrest. The government nevertheless opposes Defendant's motion because it is untimely and because it lacks merit.

The Federal Rules of Criminal Procedure provide that "the court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." Fed. R. Crim. P. 36. The purpose of a Rule 36 motion is solely to correct "clerical errors;" it may not be used to correct substantive, legal, or judicial errors in sentencing. *See United States v. Arrington*, 763 F.3d 17, 24 (D.C. Cir. 2014); *United States v. Brown*, 547 F. App'x 150, 152 (3d Cir. 2013); *United States v. Postell*, 412 F. App'x 568, 569 (4th Cir. 2011); *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). "A clerical error is 'a failure to accurately record a statement or action by the court or one of the parties.'" *Brown*, 547 F. App'x at 152 (quoting *United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005)). "'[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)).

The reference on Defendant's amended judgment to May 3, 2006, as the "offense

---

[1] *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), provide an exception to the 18 U.S.C. § 3585(b)(2) prohibition against crediting a federal term with time already counted toward another sentence.

ended" date was not a clerical error. This date is consistent with both the indictment and the PSR. The first superseding indictment to which Defendant entered his plea of guilty alleged a conspiracy from "2001 and continuing through on or about May 3, 2006." (ECF No. 37.) Defendant's PSR also provided that the offense concluded on May 3, 2006. (ECF No. 126.) The May 3, 2006, "offense ended" date was not a transcription or mechanical error. It was the date intended by the Court. To the extent Defendant is arguing that the Court's determination of the date on which the offense ended was in error, Rule 36 is not the proper vehicle to address the error because the alleged error was a legal or substantive error rather than a clerical error.

Motions to correct non-clerical errors in sentencing must be filed pursuant to Rule 35(a). Rule 35(a), however, requires the motion to be filed within 14 days after sentencing. Fed. R. Crim. P. 35(a). The time period provided for in Rule 35(a) is jurisdictional, and the court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired. *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) ("[T]he district court lacked jurisdiction to resentence Hall beyond the fourteen-day limitation period set forth in Rule 35(a)."); s*ee also United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 42 (1st Cir. 2015) (noting that "the 14-day time limit of Fed. R. Crim. P. 35(a) is jurisdictional," and "[i]f the 14-day time period expires with no ruling from the district court, the district judge's jurisdiction to alter the sentence is extinguished"). Because more than fourteen days have passed since Defendant's amended sentence was entered, this Court lacks jurisdiction to

4

correct Defendant's sentence under Rule 35(a).

For the reasons stated herein, Defendant's motion to correct a clerical error in his judgment and commitment order will be denied.

An order consistent with this opinion will be entered.


Date:  October 22, 2015                                  /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE